MATTER OF SYRACUSE NORTHERN RAILROAD COMPANY V. ALEX-
ANDER *et al.*, appellants.

*Eminent domain — street taken for railroad — appraisal of damages.*

Individuals owning lands bounded by a public street are entitled to occupy up
to the line of such street, and to the use of the street for any purposes con-
nected with such occupation, not conflicting with the right and easement of a
railroad company under a license to lay down their rails on such street;
and their damage for the taking by such railroad company of a portion of
the land, for the use of the railroad, should be appraised upon that basis.

APPEAL from an order of the special term confirming the report
of commissioners appointed to appraise the damages sustained by
William H. Alexander and others for the taking of their land for
railroad purposes. The commissioners held that the lands taken,
which were adjoining the railroad track of another company, did
not front upon a public street.

*Geo. N. Kennedy*, for appellants.

*Hiscock, Gifford & Doheny*, for respondent.

E. DARWIN SMITH, J.

The opinion holds, as a matter of fact, that the lands front upon
a public street. The head-note contains the only question of law
passed upon. The order was reversed and a new appraisement
ordered by new commissioners to be appointed for that purpose.

*Ordered accordingly.*

---

TIFFT *et al.*, commissioners, etc., of Venice, v. ALLEY, commis-
sioner, etc., of Moravia, appellant.

*Highways on town lines — erection and repair of bridges.*

A road running on the dividing line between two towns — V. and M.— having
been laid out by the commissioners of highways of said towns, conformably
to the statute, was by them divided into two road districts and one of such
districts allotted to the town of V., and the other to the town of M. *Held,*
that for the expenses of erecting and keeping in repair a bridge over a
stream crossing the road in the district allotted to the town of V., that town
was alone liable, and that the town of M. was not bound to contribute
thereto. 1 R. S. 17, § 75.

*Held*, also, that the road district which included such bridge was within the exclusive jurisdiction of the highway commissioners of the town of V.; and that the construction and repair of the bridge did not require the co-operation of two sets of highway commissioners.

The provisions of the statutes relating to bridges between towns bounded by a river or stream (Laws 1841, chap. 225; 1858, chap. 639), have no application to a bridge situated like the one in question, upon streams intersecting the town line at right angles, and intermediate between the exterior lines of a road district.

APPEAL from an order of the Cayuga county court denying a motion for a new trial after a judgment in favor of plaintiff. The action was brought by John Tifft and others, commissioners of highways of the town of Venice, against Joseph Alley, commissioner of highways of the town of Moravia, to recover one-half of the price of erecting a bridge over a stream crossing a road upon the dividing line between said towns.

*S. E. Day*, for appellant.

*H. A. Maynard*, for respondent.

E. DARWIN SMITH, J.

The head-note states the points passed upon in the opinion.
*Judgment reversed and new trial ordered.*

---

SELDEN, appellant, v. FOWLER.

*Referee — decision upon conflicting evidence.*

Where the evidence is conflicting, it belongs to the referee to pass upon its weight, and upon the credibility of the witnesses; and although the evidence would have warranted a different conclusion, the court will not reverse the decision of the referee, unless it is against the clear and decided weight of the testimony.

APPEAL from a judgment entered upon the report of a referee. The action was brought by Gustavus W. Selden against Homer T. Fowler, upon an account for lumber.

*C. W. White*, for appellant.

*W. E. Scripture*, for respondent.